UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK TRANSACTIONS, INC., )
                      Plaintiff, )    Case No.: 2:16-cv-200-GMN-VCF
vs. )
                              )    **ORDER**
FRIDA FRANCO, )
                      Defendant. )

Pending before the Court is the Motion to Dismiss or Alternatively to Transfer Venue (ECF No. 9) filed by Defendant Frida Franco ("Defendant"). Plaintiff Bank Transactions, Inc. ("Plaintiff") filed a Response (ECF No. 12), Defendant filed a Reply (ECF No. 13), and Plaintiff filed a Sur-Reply (ECF No. 22).

I. **BACKGROUND**

This case arises out of an alleged violation of a non-compete clause in an employment agreement entitled "Marketing Agreement" between Plaintiff, the company employer, and Defendant, its former sales representative. On February 2, 2016, Plaintiff filed the instant lawsuit against Defendant alleging one claim for breach of contract. (*See* Compl., ECF No. 1). On March 7, 2016, Plaintiff filed an Amended Complaint, re-alleging breach of contract, and adding claims for breach of covenant of good faith and fair dealing and unjust enrichment. (*See* Am. Compl., ECF No. 4).

On April 5, 2016, Defendant filed the instant Motion asserting that the Court lacked personal jurisdiction over her. (Mot. Dismiss 4:3–6:23, ECF No. 9). Defendant specifically argues that the choice of law and forum selection clauses in the Marketing Agreement are "invalid." (*Id.* 6:23–10:18). Alternatively, if the Court is not inclined to dismiss the case,

Defendant seeks to transfer it to the United States District Court for the Southern District of California under 28 U.S.C. § 1404, "for the convenience of the parties and in the interest of justice." (*Id.* 13:1–20:22). Plaintiff counters that the Marketing Agreement dictates the governing law is that of the State of Nevada, and such an agreement as to choice of law is valid and enforceable. (Resp. 2:19–5:24, ECF No. 12).

In her Reply, Defendant first suggests that this Court lacks subject matter jurisdiction because the parties are not diverse. (Reply 1:20–7:9, ECF No. 13). District courts may disregard arguments first raised in a reply brief because the timing of the argument deprives the opposing party of the opportunity to respond. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *USF Ins. Co. v. Smith's Food & Drug Ctr., Inc.*, 921 F. Supp. 2d 1082, 1090 n.1 (D. Nev. 2013). However, given the importance of subject matter jurisdiction, the Court determined the appropriate remedy was to allow Plaintiff the opportunity to respond in the form of a Sur-Reply (*see* ECF No. 21), which Plaintiff timely filed (ECF No. 22).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For the latter, referred to as diversity jurisdiction, a corporation is a citizen of both the "state by which it has been incorporated and [the state] where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Diversity of citizenship is determined as of the filing of the complaint. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)).

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). When a plaintiff originally files in federal court, "[t]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (citation omitted); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed."). At the pleading stage, the plaintiff is "merely required to allege (not to prove) diversity." *Kanter*, 265 F.3d at 857.

Federal Rule of Civil Procedure 15 provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Amerisource Bergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Specifically, when a court dismisses a complaint for failure to properly allege diversity jurisdiction, leave to amend should be granted unless doing so would be futile. *See Jacobs v. Patent Enf't Fund*, 230 F.3d 565, 567–68 (9th Cir. 2000). When amendment is futile in a case dismissed for lack of subject matter jurisdiction, the court should still dismiss the case without prejudice so the plaintiff may reassert its claims in a competent court. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).

### III.   DISCUSSION

Plaintiff brought this case under the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶ 1). Amount in controversy is not in dispute, nor is Defendant's citizenship as an individual domiciled in the State of California. However, Defendant asserts that while Plaintiff is incorporated in Nevada, and therefore a citizen of Nevada, Plaintiff is also a citizen of California because its "principal place of business" is California. (Reply 2:24–5:21); *see also* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both the state in which it

was incorporated and the state in which its principal place of business is located).  In its Sur-Reply, Plaintiff argues that the Court should not rely on the "self-serving conclusions stated in [Defendant's] Affidavit" to determine subject matter jurisdiction. (Sur-Reply 2:10, ECF No. 22).  However, Plaintiff never asserts where its principal place of business is located, despite ample opportunity to do so in its Complaint, Amended Complaint, and the Sur-Reply allowed by the Court specifically to address subject matter jurisdiction.  Given the lack of pleading as to Plaintiff's principal place of business, Plaintiff's Amended Complaint plainly fails to allege the "essential elements of diversity jurisdiction" required under § 1332(a). *See Bautista*, 828 F.2d at 552.  Accordingly, the Court lacks subject matter jurisdiction over this case.  However, the Court will dismiss the case without prejudice and allow Plaintiff leave to file a Second Amended Complaint because it is possible that diversity jurisdiction exists in this matter. *See Jacobs*, 230 F.3d at 567–68.

## IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**.  Plaintiff's Complaint is dismissed without prejudice.  If Plaintiff can correct this pleading defect, it may file a Second Amended Complaint no later than **February 3, 2017**.  Otherwise, Plaintiff may pursue any further action regarding this matter in state court.

**DATED** this __17__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court